**Ali SALIFU, aka Alhaji Ali Salifu, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 11–1809.

United States Court of Appeals, Second Circuit.

Sept. 28, 2012.

Theodore N. Cox, New York, NY, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General; Jennifer Lightbody, Senior Litigation Counsel; Aimee J. Carmichael, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, B.D. PARKER and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ali Salifu, a native and citizen of Ghana, seeks review of an April 25, 2011, order of the BIA affirming the Aug. 25, 2009, decision of Immigration Judge ("IJ") Philip Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ali Salifu,* No. A087 448 042 (B.I.A. Apr. 25, 2011), *aff'g* No. A087 448 042 (Immig.Ct.Wackenhut, N.Y. Aug. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009). Salifu does not challenge the agency's denial of CAT relief or withholding of removal. Accordingly we address only the IJ's conclusion that Salifu did not establish his eligibility for asylum because he did not demonstrate an objectively reasonable fear of future persecution.

In this case, the IJ found that Salifu's testimony was credible, but gave his testimony about events in Ghana, which he did not witness, and his corroborating evidence, based on the claims of individuals who did not appear in court, limited weight. We defer to the weight an IJ gives evidence. *See Xiao Ji Chen v. U.S.*

*Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006).

While Salifu was in the United States, unknown men came to his home and threatened his wife. However, this incident did not establish that Salifu had an objectively reasonable fear of future persecution. Because Salifu did not know who these individuals were, he did not establish that their threats were credible and might be carried out. Moreover, as the IJ noted, Salifu did not establish that they were either government agents or private individuals who the Ghanian government was "unable or unwilling to control." *See Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir. 2006) (noting that private action constitutes persecution for purposes of asylum only when the government is unwilling or unable to control it).[1] Similarly, Salifu did not demonstrate that he could not relocate within Ghana to avoid persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii) (providing that an applicant does not have a well-founded fear if the applicant could reasonably avoid persecution by relocating within the applicant's country of nationality).

Salifu also argues that the deaths of his co-workers in 2008 and 2009 support his claim of fear. However, as the IJ found, nothing in the record indicates that his co-workers were killed because of their political activities in Ghana. Salifu's assertion that they might have been killed by unknown individuals who disguised their activity is "speculative" and thus does not establish that his fear of persecution is objectively reasonable. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 128 (2d Cir. 2005).

1. Salifu now argues that the agency erred in failing to explicitly address a State Department report describing the Ghanian police as corrupt and inept, which he argues suggests that the authorities would not prevent his persecution. This argument is unavailing: the agency was not required to explicitly "parse" all of the country conditions evidence in reaching its decision. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).